**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY EARL ROBBINS,

      Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

      Respondent-Appellee.

No. 00-6318
(W. District of Oklahoma)
(D.C. No. 99-CV-1542-T)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore honors the petitioner's request and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Billy Earl Robbins' *pro se* request for a certificate of appealability ("COA"). Robbins seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Because Robbins has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** the appeal. *See id.* § 2253(c)(2).

Following a jury trial in Oklahoma state court, Robbins was convicted of murder in the first degree and sentenced to life imprisonment. On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Robbins contended as follows: (1) the prosecutor had engaged in misconduct with regard to certain comments made in closing argument; and (2) the trial court's denial of his change of venue motion denied him his constitutional right to an impartial jury. The OCCA rejected Robbins' contentions in a summary opinion. Robbins then filed the instant § 2254 habeas petition, reasserting the same claims he raised before the OCCA.

The district court referred Robbins' petition to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1). In a comprehensive and well-reasoned Report and Recommendation, the magistrate judge recommended that Robbins' petition be denied. In particular, the magistrate judge concluded that

Robbins had failed present any evidence "of either actual juror prejudice or the type of community-wide hostility necessary to presume prejudice." *Mayes v. Gibson*, 210 F.3d 1284, 1291-92 (10th Cir. 2000). Furthermore, after conducting a exceedingly close review of the comments of the prosecutor alleged by Robbins to be improper, the magistrate judge concluded that the comments, viewed in the context of the entire trial record, did not render Robbins' trial fundamentally unfair. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Upon *de novo* review, the district court adopted the recommendations of the magistrate judge and denied Robbins' § 2254 habeas petition.

As noted above, Robbins must obtain a COA before he can appeal the district court's denial of his § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). He is entitled to a COA only upon making a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Robbins can make this showing by demonstrating that the issues he seeks to raise on appeal are debatable among jurists, a court could resolve the issues differently, or the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). This court has reviewed Robbins' request for a COA and accompanying brief, along with the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal. Our review reveals that the district court's resolution of the petition is not debatable,

subject to an alternate resolution, or deserving of further proceedings.
Accordingly, this court **DENIES** Robbins' request for a COA for substantially
those reasons set forth in the magistrate judge's report and recommendation dated
July 31, 2000, and the district court's order dated September 5, 2000.  Robbins'
appeal is, therefore, **DISMISSED**.  *See* 28 U.S.C. § 2253(c).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge